

**CT Corporation**
**Service of Process Notification**
06/28/2022
CT Log Number 541828681

## Service of Process Transmittal Summary

**TO:** Bob Bruni
Raymond Management Company
4601 FREY ST., SUITE 400
MADISON, WI 53705

**RE:** **Process Served in Illinois**

**FOR:** RAYMOND MANAGEMENT COMPANY, INC. (Domestic State: WI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Re: LUPE CECILIA TOAPANTA // To: RAYMOND MANAGEMENT COMPANY, INC.

**CASE #:** 2022L005489

**NATURE OF ACTION:** Employee Litigation

**PROCESS SERVED ON:** C T Corporation System, Chicago, IL

**DATE/METHOD OF SERVICE:** By Process Server on 06/28/2022 at 09:36

**JURISDICTION SERVED:** Illinois

**ACTION ITEMS:** SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780108262116

Email Notification, Jamie Esch jesch@raymondteam.com

**REGISTERED AGENT CONTACT:** C T Corporation System
208 South LaSalle Street
Suite 814
Chicago, IL 60604
866-203-1500
DealTeam@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Exhibit A**



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jun 28, 2022
**Server Name:** Sheriff Drop

| Entity Served | RAYMOND MANAGEMENT COMPANY INC |
|---|---|
| Case Number | 2022L005489 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



earing Date: No hearing scheduled
ocation: <<CourtRoomNumber>>
udge: Calendar, Y

* 5 0 1 8 2 6 2 3 *

FILED
6/24/2022 1:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L005489
Calendar, Y
18425498

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

LUPE CECILIA TOAPANTA,

Plaintiff,

v.

RAYMOND MANAGEMENT COMPANY, INC.,

Defendant.

No. 2022-L-005489

DEMAND FOR JURY TRIAL

AMOUNT CLAIMED: $30,001.00

**SUMMONS**

To: C T Corporation System, as Registered Agent for
Raymond Management Company, Inc.
208 S. LaSalle St., Suite 814
Chicago, Illinois 60604

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

6/24/2022 1:01 PM IRIS Y. MARTINEZ

**Witness** ______________________

**(Seal of Court)**

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

______________________ Clerk of Court



* 5 0 1 8 2 6 2 3 *

Plaintiff's Attorney (or plaintiff, if he is not represented by attorney):

The Garfinkel Group, LLC
6252 N. Lincoln Avenue
Suite 200
Chicago, IL 60622
Andrew Fullett (IARDC 6328490)
andrew@garfinkelgroup.com
Matthew Fletcher (IARDC No. 6305931)
matthew@garfinkelgroup.com
Max Barack (IARDC No. 6312302)
max@garfinkelgroup.com
Haskell Garfinkel (IARDC No. 6274971)
haskell@garfinkelgroup.com
(312) 736-7991

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

Date of service _______________, 20__ (to be inserted by officer on copy left with defendant or other person).

earing Date: No hearing scheduled
ocation: <<CourtRoomNumber>>
udge: Calendar, Y

* 5 0 1 8 2 6 2 3 *

FILED
6/24/2022 1:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L005489
Calendar, Y
18425498

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

LUPE CECILIA TOAPANTA,

Plaintiff,

v.

RAYMOND MANAGEMENT COMPANY, INC.,

Defendant.

No. 2022-L-005489

DEMAND FOR JURY TRIAL

AMOUNT CLAIMED: $30,001.00

**SUMMONS**

To: C T Corporation System, as Registered Agent for
Raymond Management Company, Inc.
208 S. LaSalle St., Suite 814
Chicago, Illinois 60604

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

6/24/2022 1:01 PM IRIS Y. MARTINEZ

Witness ____________________

**(Seal of Court)**

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Clerk of Court



Plaintiff's Attorney (or plaintiff, if he is not represented by attorney):

The Garfinkel Group, LLC
6252 N. Lincoln Avenue
Suite 200
Chicago, IL 60622
Andrew Fullett (IARDC 6328490)
andrew@garfinkelgroup.com
Matthew Fletcher (IARDC No. 6305931)
matthew@garfinkelgroup.com
Max Barack (IARDC No. 6312302)
max@garfinkelgroup.com
Haskell Garfinkel (IARDC No. 6274971)
haskell@garfinkelgroup.com
(312) 736-7991

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

Date of service ______________, 20__ (to be inserted by officer on copy left with defendant or other person).

ll Law Division initial Case Management Dates will be heard via Zoom. 12-Person Jury
or more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
emote Court date: 8/16/2022 9:00 AM

* 5 0 1 8 2 6 2 3 *

FILED
6/17/2022 3:29 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L005489
Calendar, Y
18337645

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

**LUPE CECILIA TOAPANTA,**

**Plaintiff,**

**v.**

**RAYMOND MANAGEMENT COMPANY, INC.**

**Defendant.**

**No.**

## COMPLAINT

Plaintiff, Lupe Cecilia Toapanta, by her attorneys, the Garfinkel Group, LLC, complains against Defendant Raymond Management Company, Inc., for: (1) nonpayment of overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), and the Cook County Minimum Wage Ordinance, Cook County, Ill. Municipal Code, § 42-11 *et seq* ("CCO"); (2) minimum wage violations under the FLSA, IMWL, and CCO; (3) failure to pay previously agreed-to wages to in violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA"), and states:

## INTRODUCTION

1. This case involves unpaid wages in the form of minimum wage violations and unpaid overtime wages, in violation of the FLSA, IMWL, CCO, and the IWPCA.

2. Plaintiff worked for Defendant as a housekeeper at Hampton Inn & Suites in Skokie, Illinois.

3. Defendant operated the Hampton Inn & Suites in Skokie, Illinois.



4. The wage violations involve unpaid wages and overtime, deductions for breaks not taken, deductions for perceived work deficiencies, and Defendant's failure to pay Plaintiff her agreed wages.

**PARTIES**

5. Plaintiff, Lupe Cecilia Toapanta ("Toapanta"), is a former employee of Raymond Management Company, Inc.

6. Plaintiff is a resident of Chicago, Illinois, in Cook County, within this judicial district.

7. Defendant, Raymond Management Company, Inc. ("Raymond") is a Wisconsin corporation, which operates hotels in several different states.

8. Defendant operates the Hampton Inn & Suites located at 5201 Old Orchard Road, Skokie, IL 60077.

9. Defendant does business within this judicial district.

10. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. At all times relevant herein, Defendant was Plaintiff's employer and Plaintiff was Defendant's employee as defined by the FLSA, IMWL, IWPCA and CCO. 29 U.S.C. § 203(e)(1); 820 Ill. Comp. Stat. § 105/3; 820 Ill. Comp. Stat. 115/2; Cook County Ordinance, Ill. Municipal Code, § 42/12.

12. At all times relevant herein, Plaintiff was not exempt from overtime pay under the FLSA, IMWL or CCO. 29 U.S.C. § 207; 820 Ill. Comp. Stat. 105/1 *et seq.*; Cook County Ordinance, Ill. Municipal Code, § 42-11 *et seq.*

**FACTS**

13. Plaintiff was hired by Defendant on September 19, 2018.

* 5 0 1 8 2 6 2 3 *

14. Plaintiff worked as a housekeeper at the Hampton Inn & Suites located at 5201 Old Orchard Road., Skokie, IL 60077.

15. As a housekeeper, Plaintiff was responsible for cleaning hotel rooms at the Hampton Inn & Suites located at 5201 Old Orchard Road., Skokie, IL 60077. Plaintiff worked as a housekeeper for Defendant from September 19, 2018, until approximately March 2020, when she was laid off.

16. In July 2019, Plaintiff suffered a workplace injury and went on workers' compensation until she was laid off in March 2020.

17. Plaintiff was hired at a rate of $12 per hour.

18. In addition, Defendant agreed to pay Plaintiff a minimum of $480 per week.

19. Plaintiff worked approximately 45 hours per week.

20. Plaintiff worked five days per week, with varying days off.

21. Plaintiff typically worked from 8:00 A.M. to 5:00 P.M.

22. Defendant deducted one thirty-minute meal period from Plaintiff's pay each day she worked, despite Plaintiff not receiving a thirty-minute break.

23. Defendant also deducted two fifteen-minute break periods from Plaintiff's pay each day she worked, despite Plaintiff not receiving the fifteen-minute breaks.

24. Plaintiff worked at least one hour without pay each day throughout her employment with Defendant.

25. Separately, Defendant regularly and consistently deducted one hour of pay from Plaintiff's pay for perceived and/or alleged "work deficiencies."

26. On average, beginning at the start of her employment, and continuing through the end of her employment, Plaintiff was paid $250 to $300 per week, below the $480 per week minimum she had agreed to at the time of her hire.



27. As a result of these underpayments, Plaintiff regularly earned less than the minimum wage for all hours worked up to 40, and was not paid overtime for hours worked in excess of 40.

28. Upon information and belief, Plaintiff was paid less than the legal minimum wage under Cook County, Illinois, and federal law each week she worked for Defendant, beginning in September 2018, and continuing through July 2020.

29. Plaintiff was eligible for overtime pay whenever she exceeded 40 hours in a given workweek.

30. Defendant's conduct in violating the FLSA, IMWL, and CCO, respectively was willful in that the Defendant knew or showed reckless disregard as to whether their conduct was prohibited by the FLSA, IMWL, and CCO.

31. The following acts demonstrate Defendant's willfulness in its violations of the FLSA, IMWL, and CCO, respectively:

a. Defendant regularly required Plaintiff to perform off-the-clock work by failing to pay for breaks not received and by concocting retroactive justifications for not paying Plaintiff for all hours worked;

b. Defendant retroactively changed, to Plaintiff's detriment, the terms and conditions of payment she was supposed to receive for her work, regularly and consistently paying her less than was agreed; and

c. Upon information and belief, Defendant took no steps to determine or evaluate the lawfulness of its conduct.

32. Defendant's conduct, to wit, of deducting hours from Plaintiff's pay for breaks not taken and for perceived work deficiencies, indicates Defendant's knowledge that Plaintiff was owed wages for hours worked, but deliberately chose not to pay them.

**COUNT I**
**AGAINST DEFENDANT**



* 5 0 1 8 2 6 2 3 *

**FLSA – UNPAID OVERTIME**

33. Paragraphs 1 – 32 are incorporated by reference.

34. This Count arises from Defendant's violation of the FLSA, for Defendant's failure to pay Plaintiff at an overtime rate for all hours worked in excess of 40 per workweek. This resulted in Plaintiff receiving less than the legal overtime rate for all overtime hours worked.

35. An action to recover unpaid overtime compensation may be maintained against any employer…in any Federal or State court of competent jurisdiction. 29 U.S.C. § 216(b).

36. The FLSA requires an employer to pay its covered, non-exempt employees one and one-half times their regular hourly rate for each hour worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1).

37. Plaintiff regularly worked 45 hours per week for Defendant.

38. Plaintiff was not paid time-and-a-half for her hours worked in excess of 40 per week.

39. Defendant, by its management or agents, violated the FLSA by failing to pay Plaintiff time-and-a-half for her hours worked over 40 in each workweek from September 2018 to July 2019.

40. Defendant's failure to pay wages for all time worked and, as a result, its failure to pay compensation at the overtime rate for all hours worked over 40 per workweek, is a willful violation of the FLSA, since Defendant's conduct shows that they either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

41. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered the loss of compensation in the form of overtime pay.

WHEREFORE, Plaintiff, Lupe Cecilia Toapanta, respectfully requests that this Court enter judgment in her favor against Defendant Raymond Management Company, Inc., awarding her:

A. Damages in the form of overtime wages for FLSA overtime violations in June and July 2019;



* 5 0 1 8 2 6 2 3 *

B. Liquidated damages;

C. Plaintiff's reasonable attorneys' fees;

D. The costs of this action; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**AGAINST DEFENDANT**
**IMWL – UNPAID OVERTIME**

42. Paragraphs 1 – 32 are incorporated by reference.

43. This Count arises from Defendant's violation of the IMWL, for Defendant's failure to pay Plaintiff at an overtime rate for all hours worked in excess of 40 per workweek. This resulted in Plaintiff receiving less than the legal overtime rate for all overtime hours worked.

44. The IMWL requires an employer to pay its covered, non-exempt employee one and one-half times his regular hourly rate for each hour worked in excess of 40 in a workweek. 820 Ill. Comp. Stat. 105/3(c), (d).

45. Plaintiff regularly worked 45 hours per week for Defendant.

46. Plaintiff was not paid time-and-a-half for her hours worked in excess of 40 per week.

47. Defendant, by its management or agents violated the IMWL by failing to pay Plaintiff time-and-a-half for all hours worked in excess of 40 per workweek from September 2018 to July 2019.

48. Defendant's violation of the IMWL was willful.

49. As a direct result of Defendant's violation of the IMWL, Plaintiff suffered the loss of compensation in the form of unpaid overtime wages.

WHEREFORE, Plaintiff, Lupe Cecilia Toapanta, respectfully requests that this Court enter judgment in her favor against Defendant Raymond Management Company, Inc., awarding her:



* 5 0 1 8 2 6 2 3 *

A. Damages in the form of overtime wages for IMWL overtime violations in June and July 2019;

B. Statutory damages for overtime violations, pursuant to the 2% interest penalties, as is mandatory under the IMWL for pre-2020 violations; (820 Ill. Comp. Stat. 105/12(a));

C. Plaintiff's reasonable attorneys' fees;

D. The costs of this action; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**AGAINST DEFENDANT**
**CCO – UNPAID OVERTIME**

50. Paragraphs 1 – 32 are incorporated by reference.

51. This Count arises from Defendant's violation of the CCO, for Defendant's failure to pay Plaintiff at an overtime rate for all hours worked in excess of 40 per workweek. This resulted in Plaintiff receiving less than the legal overtime rate for all overtime hours worked.

52. The CCO requires employers to pay their covered, non-exempt employees one-and-one-half times their regularly hourly rate for each hour worked in excess of 40 in a workweek. Cook County, Ill. Municipal Code, § 42-15.

53. Plaintiff regularly worked 45 hours per week for Defendant.

54. Plaintiff was not paid time-and-a-half for her hours worked in excess of 40 per week.

55. Defendant, by its management or agents, violated the CCO by failing to pay Plaintiff time-and-a-half for her hours worked over 40 in each workweek from September 2018 to July 2019.

56. Defendant's violation of the CCO was willful.

57. As a direct result of Defendant's violation of the CCO, Plaintiff suffered the loss of compensation in the form of unpaid overtime wages.



WHEREFORE, Plaintiff, Lupe Cecilia Toapanta, respectfully requests that this Court enter judgment in her favor against Defendant Raymond Management Company, Inc., awarding her:

A. Damages in the form of overtime wages for CCO overtime violations in June and July 2019;

B. Statutory treble damages for unpaid minimum wages, pursuant to the Cook County Ordinance. Cook County, Ill. Municipal Code, § 42-23;

C. Plaintiff's reasonable attorneys' fees;

D. The costs of this action; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**AGAINST DEFENDANT**
**FLSA – MINIMUM WAGE**

58. Paragraphs 1 – 32 are incorporated by reference.

59. This Count arises from Defendant's violation of the FLSA, for Defendant's failure to pay Plaintiff at the legal minimum wage rate for all hours worked.

60. An action to recover unpaid minimum wages may be maintained against any employer…in any Federal or State court of competent jurisdiction. 29 U.S.C. § 216(b).

61. The FLSA requires an employer to pay its covered, non-exempt employees the federal minimum wage for each hour worked in a workweek. 29 U.S.C. § 206(a)(1)(c).

62. Defendant, by its management or agents, violated the FLSA by failing to pay Plaintiff the minimum wage for all hours that she worked from September 2018 to July 2019, which resulted in her receiving less than the legal minimum wage for her hours worked.

63. Defendant, by its management or agents, deducted one thirty-minute meal break period and two fifteen-minute break periods from Plaintiff's pay each day that Plaintiff worked,



despite Plaintiff not actually receiving those breaks. In doing so, Plaintiff performed work for which she was not paid.

64. Defendant, by its management or agents, also regularly and consistently deducted one hour of pay from Plaintiff's pay for perceived and/or alleged work deficiencies. In doing so, Plaintiff performed work for which she was not paid.

65. Defendant's violation of the FLSA was willful.

66. As a direct result of Defendant's violation of the FLSA, Plaintiff suffered the loss of compensation in the form of receiving less than the federal minimum wage.

WHEREFORE, Plaintiff, Lupe Cecilia Toapanta, respectfully requests that this Court enter judgment in her favor against Defendant Raymond Management Company, Inc., awarding her:

A. Damages in the form of unpaid wages for FLSA minimum wage violations in June and July 2019;

B. Liquidated damages;

C. Plaintiff's reasonable attorneys' fees;

D. The costs of this action; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**AGAINST DEFENDANT**
**IMWL – MINIMUM WAGE**

67. Paragraphs 1-32 are incorporated by reference.

68. This Count arises from Defendant's violation of the IMWL, for Defendant's failure to pay Plaintiff at the legal minimum wage rate for all hours worked.

69. The IMWL requires an employer to pay all non-exempt employees at least the minimum wage. 820 ILCS 105/4(a).



70. Defendant, by its management or agents, violated the IMWL by failing to pay Plaintiff the minimum wage for all hours that she worked from September 2018 to July 2019, which resulted in her receiving less than the legal minimum wage for her hours worked.

71. Defendant, by its management or agents, deducted one thirty-minute meal break period and two fifteen-minute break periods from Plaintiff's pay each day that Plaintiff worked, despite Plaintiff not actually receiving those breaks. In doing so, Plaintiff performed work for which she was not paid.

72. Defendant, by its management or agents, also regularly and consistently deducted one hour of pay from Plaintiff's pay for perceived and/or alleged work deficiencies. In doing so, Plaintiff performed work for which she was not paid.

73. Defendant's violation of the IMWL was willful.

74. As a direct result of Defendant's violation of the IMWL, Plaintiff suffered the loss of compensation in the form of unpaid wages.

WHEREFORE, Plaintiff, Lupe Cecilia Toapanta, respectfully requests that this Court enter judgment in her favor against Defendant Raymond Management Company, Inc., awarding her:

A. Damages in the form of unpaid wages for IMWL minimum wage violations in June and July 2019;

B. Statutory damages for overtime violations, pursuant to the 2% interest penalties, as is mandatory under the IMWL for pre-2020 violations; (820 Ill. Comp. Stat. 105/12(a));

C. Plaintiff's reasonable attorneys' fees;

D. The costs of this action; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**AGAINST DEFENDANT**
**CCO – MINIMUM WAGE**



* 5 0 1 8 2 6 2 3 *

75. Paragraphs 1-32 are incorporated by reference.

76. This Count arises from Defendant's violation of the CCO, for Defendant's failure to pay Plaintiff at the legal minimum wage rate for all hours worked.

77. The CCO requires employers to pay their covered, non-exempt employees at least the applicable county minimum wage for each hour worked. Cook County, Ill. Municipal Code, § 42-13.

78. Defendant, by its management or agents, violated the CCO by failing to pay Plaintiff the minimum wage for all hours that she worked from September 2018 to July 2019, which resulted in her receiving less than the legal minimum wage for her hours worked.

79. Defendant, by its management or agents, deducted one thirty-minute meal break period and two fifteen-minute break periods from Plaintiff's pay each day that Plaintiff worked, despite Plaintiff not actually receiving those breaks. In doing so, Plaintiff performed work for which she was not paid.

80. Defendant, by its management or agents, also regularly and consistently deducted one hour of pay from Plaintiff's pay for perceived work deficiencies. In doing so, Plaintiff performed work for which she was not paid.

81. Defendant's violation of the CCO was willful.

82. As a direct result of Defendant's violation of the CCO, Plaintiff suffered the loss of compensation in the form of unpaid wages.

WHEREFORE, Plaintiff, Lupe Cecilia Toapanta, respectfully requests that this Court enter judgment in her favor against Defendant Raymond Management Company, Inc., awarding her:

A. Damages in the form of unpaid wages for CCO minimum wage violations in June and July 2019;



* 5 0 1 8 2 6 2 3 *

B. Statutory treble damages for unpaid minimum wages, pursuant to the Cook County Ordinance. Cook County, Ill. Municipal Code, § 42-23;

C. Plaintiff's reasonable attorneys' fees;

D. The costs of this action; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT VII**
**AGAINST DEFENDANT**
**IWPCA VIOLATION – FAILURE TO PAY AGREED WAGES**

83. Paragraphs 1 – 32 are incorporated by reference.

84. Plaintiff brings Count VII for breach of an agreement for wages in violation of the IWPCA.

85. The IWPCA mandates that employers must pay employees wages or final compensation pursuant to any employment contract or agreement between the parties. 820 Ill. Comp. Stat. Ann. 115/2.

86. Defendant agreed to pay Plaintiff $12 per hour.

87. Defendant breached its agreement with Plaintiff by failing to pay Plaintiff $12 an hour for all of her hours worked.

88. Defendant agreed to pay Plaintiff at least $350 per week.

89. Defendant breached its agreement with Plaintiff by paying Plaintiff $200 to $250 per week, a minimum of $100 less per week than what was agreed to between the parties.

90. Defendant deducted at least one hour of pay from Plaintiff's paycheck for unpaid breaks for each day Plaintiff worked, despite Plaintiff not actually receiving those breaks.

91. Defendant regularly and consistently deducted pay from Plaintiff's paycheck for Plaintiff's perceived and/or alleged work deficiencies.



* 5 0 1 8 2 6 2 3 *

92. Defendant's failure to abide by the terms of their agreement with Plaintiff breached the parties' agreement and violated the IWPCA.

93. As a direct result of Defendant's violation of the IWPCA, Plaintiff was damaged in the form of being denied agreed and earned compensation.

WHEREFORE, Plaintiff, Lupe Cecilia Toapanta, respectfully requests that this Court enter an order, granting judgment in her favor against Defendant Raymond Management Company, Inc. for:

A. Payment to Plaintiff in the amount of her unpaid wages, to wit, her pay owed for hours worked but not paid;

B. Payment to Plaintiff in the amount of her unpaid wages, to wit, her pay owed for improper hourly pay deductions;

C. Statutory damages equivalent to the maximum statutory monthly interest penalties available pursuant to 820 ILCS 115/14;

D. Reasonable attorneys' fees and costs as required under 820 ILCS 115/15; and

E. Such other and further relief as this Court deems appropriate and just.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: June 17, 2022

Respectfully submitted,

/s/ Max Barack
One of the Plaintiff's Attorneys

/s/ Andrew Fullett
One of the Plaintiff's Attorneys

The Garfinkel Group, LLC
6252 N. Lincoln Avenue
Chicago, IL 60659
Max Barack (IARDC No. 6312302)
max@garfinkelgroup.com
Haskell Garfinkel (IARDC No. 6274971)
haskell@garfinkelgroup.com
(312) 736-7991